**Joga SINGH, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–70979.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 12, 2007.

Filed April 10, 2007.

Judith Lott, Law Offices of Judith Lott, Fremont, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Issac R. Campbell, DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

---

* This disposition is not appropriate for publication and is not precedent except as provided

Before: HUG, W. FLETCHER, and BEA, Circuit Judges.

MEMORANDUM *

Petitioner Joga Singh ("Petitioner") seeks review of a final order from the Board of Immigration Appeals ("BIA") affirming the Immigration Judge's ("IJ") denial of Petitioner's application for asylum. The BIA affirmed the IJ's adverse credibility finding based on Petitioner's failure to prove his identity. Petitioner now seeks review of the BIA's decision. We deny the petition.

Petitioner is a native and citizen of India. In August 1992, Petitioner left India and went to Germany and applied for asylum. Germany rejected Petitioner's asylum application. In February 1996, Petitioner sought asylum in England, but left before a decision was rendered. In September 1996, Petitioner traveled to Canada, sought asylum, and was denied. In 2001, Petitioner came to the United States and filed an Application for Asylum around April 17, 2001.

The IJ denied Petitioner's asylum application finding that he was not a credible witness, stating that "[h]e has submitted no confident or credible corroboration in support of his identity or any of his allegations." The BIA affirmed the credibility determination. The BIA's determination that Petitioner was not eligible for asylum was "supported by reasonable, substantial, and probative evidence on the record considered as a whole." *INS v. Elias–Zacari-*

---

by 9th Cir. R. 36–3.

as, 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). Petitioner's evidence does not compel a contrary finding. *See id.* at 483–84, 112 S.Ct. 812.[1]

**Petition denied.**

---

**1.** Petitioner's possible equitable estoppel claim against the government would also fail because he has not made a showing that the government engaged in affirmative misconduct. *See Pauly v. U.S. Dep't of Agric.,* 348 F.3d 1143, 1149 (9th Cir.2003).

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.